Louis L. Fbiedman, J.
Plaintiff has commenced an action against the defendant, asking for a declaratory judgment declaring the rights of the parties under the Housing Act of 1948 and under the rent and eviction laws of the State of New York, and the rules and regulations promulgated thereunder, and asks that all of the rights of the parties flowing from such declaratory judgment be adjudicated and that the defendant be compelled to let the plaintiff remain in peaceful occupancy of a one-family house in which he now resides. The plaintiff also asks for an injunction restraining defendant from removing the plaintiff from his premises. Plaintiff now moves before the court for an order granting a temporary injunction pending the determination of this action.
The litigation stems from an acquisition of certain land located in the borough of Brooklyn, and the development of such land by Pratt Institute. Plaintiff resides in a one-family house which is within the area taken for the improvement, but which is outside of the area where demolition and construction have already taken place. Contending that it was necessary that *215 plaintiff’s premises be used for housing for one of the professors on its teaching staff, Pratt Institute applied to the rent administrator, and thereafter secured a certificate permitting the defendant herein to institute proceedings against the plaintiff in the Municipal Court for a final order of possession. The court proceedings following the issuance of that certificate have been lengthy. Following the initial determination by the local rent administrator and its affirmance by the State Rent Administrator, the certificate was issued. Thereafter a proceeding was commenced in this court under article 78 of the Civil Practice Act wherein the present plaintiff sought to review the action of the State Rent Administrator. The proceeding was dismissed by another Justice of this court. A notice of appeal from such determination was filed but the appeal was never perfected or prosecuted. Thereafter the summary proceeding was instituted against this plaintiff and after a trial before a court and jury, a final order was entered in favor of the landlord directing this plaintiff’s removal but staying the issuance of the warrant to June 30, 1957, a period of more than six months. Plaintiff then reapplied to the State Rent Administrator, contending that a change in circumstances had taken place and requesting that the State Rent Administrator re-examine his issuance of the certificate of eviction and upon such re-examination that the same be cancelled. The Administrator, after a review of the matter, adhered to his previous determination and plaintiff again commenced an article 78 proceeding in this court to review his action. This' latter application was again denied by the same Justice who had considered the first application and the petition was again dismissed. Again a notice of appeal was filed but such appeal has not been perfected or prosecuted.
Shortly before the expiration of the stay of the warrant granted by the Municipal Court, this plaintiff applied to the Appellate Division for a stay but his application was denied by that court. Plaintiff then reapplied to the Municipal Court to vacate the warrant and grant him a new trial on newly discovered evidence. It was stated on the argument of this present motion that such newly discovered evidence consisted of the fact that plaintiff had now ascertained that whereas the premises had been sought for occupancy by a certain teacher or professor connected with the defendant’s teaching staff, it was no longer to be used for such person but was instead to be used for some other teacher. The Municipal Court denied the application for a new trial and a notice of appeal from such determi *216 nation was filed with the Appellate Term of this court. Plaintiff also sought an additional stay of the execution of the warrant, but that application was denied.
Having met adverse decisions in the State courts, plaintiff then commenced an action in the United States District Court, Eastern District of New York, naming the present defendant and the State Bent Administrator as defendants therein, and in that action plaintiff asked the District Court to declare the rent regulation promulgated by the State Bent Administrator as unconstitutional. The papers now before the court reveal that in the Federal court action, the plaintiff applied for an injunction before a District Court Judge. The New York Law Journal of August 19, 1957 indicates that such motion was decided and the court has sent for and perused the opinion in that case. Plaintiff’s motion in the United States District Court has been denied.
Having been unsuccessful in all of his other attempts, plaintiff now seeks to again stay his pending eviction by the present application. The court finds that such application is without merit. A litigant may not assert a set of facts before a court and ask for one form of relief, and then, having been unsuccessful, again ask for some other relief by reason of the same circumstances. Under our rules of procedure, a litigant must ask for all the relief to which he is entitled under a given set of circumstances, at the same time and in the same litigation. Otherwise it would be possible for a litigant to have two, three, five or even ten different actions commenced by reason of the same facts, and the litigant who is unsuccessful in one, would then be enabled to again come into court and ask for the second or the third or fourth form of relief. This is not permitted under our procedure and yet that is exactly what this plaintiff has done. He has received every consideration from our courts, and by the mere expedient of setting forth a great deal of legal verbiage, and thereby making a claim which has no merit, he should not be permitted to any longer stay the judgment which our courts have already pronounced.
The motion is accordingly denied. Submit order.